IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER PAUL HEPDING,   *
  *
  Plaintiff,   *
  *
vs.   *   Civil Action No. ADC-17-3697
  *
COMMISSIONER, SOCIAL SECURITY   *
ADMINISTRATION,[1]   *
  *
  Defendant.   *
  *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before this Court is Plaintiff Christopher Paul Hepding's "Motion to Reconsider" ("Plaintiff's Motion") (ECF No. 22), seeking reconsideration of the Court's Memorandum Opinion dated November 26, 2018, which granted summary judgment in favor of Defendant, the Social Security Administration. ECF No. 22 at 1. Plaintiff asks the Court to reconsider its decision to grant Defendant's summary judgment motion, asserting that the ALJ failed to comply with the decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), and improperly evaluated Plaintiff's impairments during step three of the sequential evaluation. *Id.* at 2, 12. After consideration of Plaintiff's Motion and the response thereto (ECF No. 23), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons set forth herein, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

1

## Procedural History

On December 14, 2017, Plaintiff petitioned this Court to review the SSA's denial of his disability application. ECF No. 1. On August 7, 2018, Plaintiff filed a Motion for Summary Judgment, in which he raised two allegations of error on appeal: (1) that the ALJ improperly accounted for Plaintiff's moderate difficulties in concentration, persistence, or pace in violation of *Mascio*; and (2) that the ALJ failed to properly evaluate Plaintiff's spinal impairments during step three of the sequential evaluation. ECF Nos. 17, 17-1. Defendant filed its Motion for Summary Judgment on September 19, 2018, ECF No. 18, and Plaintiff opposed this motion on October 22, 2018, ECF No. 19.[2] Upon reviewing the motions and the response thereto, the Court denied Plaintiff's Motion for Summary Judgment, granted Defendant's Motion for Summary Judgment, and affirmed the SSA's decision pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 20 at 16; ECF No. 21.

Thereafter, Plaintiff filed Plaintiff's Motion on November 28, 2018, ECF No. 22, and Defendant filed its opposition on December 12, 2018, ECF No. 23. This matter is now fully briefed and the Court has reviewed Plaintiff's Motion as well as the response thereto. For the following reasons, Plaintiff's Motion will be granted in part and denied in part.

## Discussion

### A. Standard of Review

Plaintiff cites Local Rule 105.10 as authority for his motion to reconsider. This rule states: "Except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry

---

[2] On November 9, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

of the order." Loc.R. 105.10 (D.Md. 2018). "Under [this] rule, similar to the standard for relief under Fed. R. Civ. P. 59(e), '[a] motion for reconsideration is appropriate [1] to "correct manifest errors of law or fact or [2] to present newly discovered evidence," or [3] where there has been an intervening change in controlling law.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D.Md. Aug. 1, 2018) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D.Md. 2001)).

**B. Plaintiff's Motion to Reconsider**

In his motion, Plaintiff contends that the Court erred in affirming the SSA's decision because the ALJ improperly accounted for Plaintiff's moderate difficulties in concentration, persistence, or pace contrary to *Mascio* and improperly evaluated Plaintiff's spinal impairments contrary to *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013). ECF No. 22 at 2, 12. The Court will address each allegation of error below.

1. The ALJ's RFC Determination Improperly Accounted For Plaintiff's Moderate Difficulties With Concentration, Persistence, Or Pace.

Plaintiff first contends that this Court's decision did not properly resolve the ALJ's failure to comply with the *Mascio* decision during step four of the sequential evaluation. *Id.* at 2–11. Plaintiff maintains that the ALJ did not include a limitation to account for Plaintiff's moderate difficulties by merely stating that Plaintiff "is able to retain and carry out simple instructions," ECF No. 11 at 110, and that the ALJ failed to explain why including a limitation was unnecessary. ECF No. 22 at 10–11. After further consideration and review of the record, the Court agrees.

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00. "Each [L]isting therein, consists of: (1) a brief statement describing its subject disorder; (2)

'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph B criteria,' which consists of a set of impairment-related functional limitations." *Rayman v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-3102, 2015 WL 6870053, at *2 (D.Md. Nov. 6, 2015) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)). If the paragraph A and paragraph B criteria are satisfied, the ALJ will find that the claimant meets the listed impairment. *Id.*

Paragraph B provides the functional criteria assessed by the ALJ and consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b). The ALJ employs a "special technique" to rate the degree of a claimant's functional limitations in these areas. 20 C.F.R. §§ 404.1520a(b), 416.920a(b). The ALJ's evaluation must determine "the extent to which [the claimant's] impairment(s) interferes with [the] ability to function independently, appropriately, effectively, and on a sustained basis" and must include a specific finding as to the degree of limitation in each of the four functional areas. 20 C.F.R. §§ 404.1520a(c), 416.920a(c). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). "To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b).

The functional area of concentration, persistence, or pace "refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(E)(3). According to the regulations, examples of the ability to focus attention and stay on task include:

> Initiating and performing a task that [the claimant] understand[s] and know[s] how to do; working at an appropriate and consistent

> pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings without being disruptive; working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day.

*Id.*

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of moderate difficulties in concentration, persistence, or pace. 780 F.3d at 638. Specifically, the Fourth Circuit recognized a difference between the ability to perform simple tasks and the ability to stay on task, stating that the latter ability concerns the broad functional area of concentration, persistence, or pace. *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*; *see also Carr v. Colvin*, No. TMD 15-685, 2016 WL 4662341, at *10 (D.Md. Sept. 7, 2016) (remanding for the ALJ to "determine on a function-by-function basis how Plaintiff's impairments affect his ability to work for a full workday").

Here, upon further consideration and review of the record, the Court agrees with Plaintiff that the ALJ's RFC assessment did not properly account for Plaintiff's difficulties in concentration, persistence, or pace. At step three of the sequential evaluation, the ALJ determined that "[w]ith regard to concentration, persistence or pace, [Plaintiff] has moderate difficulties," and explained that "[Plaintiff] has some difficulty staying focused." ECF No. 11 at 110.

The ALJ then limited Plaintiff's RFC, in pertinent part, stating:

> [Plaintiff] is able to retain and carry out simple instructions; sustain concentration, persistence, and pace for up to two hour periods at a time for a maximum eight hour work period, occasional interaction with the public, coworkers, and supervisors, and little to no change in the work setting from day to day.

*Id.* The latter portion of this RFC finding imposes a restriction that corresponds with the ALJ's finding of moderate difficulties in social functioning, not concentration, persistence, or pace. *See Henry v. Berryhill*, No. BPG-17-57, 2018 WL 558839, at *3 (D.Md. Jan. 25, 2018). Thus, there is no restriction for the ALJ's findings of moderate difficulties in concentration, persistence, or pace. *See Bey v. Berryhill*, No. CBD-17-2292, 2018 WL 3416944, at *3–4 (D.Md. July 12, 2018) (determining that an RFC which limited the claimant "to simple, routine tasks and occasional contact with supervisors, coworkers, and the public" and "low stress work, defined as occasional decisionmaking and occasional changes in the work setting" failed to account for the claimant's moderate limitations in concentration, persistence, or pace (record citation omitted)); *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D.Md. July 18, 2017) (concluding that "there [wa]s no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresse[d the claimant's] ability to sustain work throughout an eight-hour workday" where "the ALJ imposed a RFC restriction that [the claimant could] perform 'simple, routine, and repetitive tasks involving only simple work-related decisions with few if any workplace changes and only occasional supervision'" (record citation omitted)). Even if the phrase "able to retain and carry out simple instructions" was an attempt to account for Plaintiff's moderate difficulties in concentration, persistence, or pace, the ALJ failed to explain how such a finding translated into a limitation that properly accounted for Plaintiff's limitations. *See Devaney v. Comm'r, Soc. Sec. Admin.*, No. 1:17-cv-00720-GLS, 2018 WL 6696039, at *2 (D.Md. Dec. 19, 2018) (determining that an RFC which accounted for the claimant's ability to

"understand, remember and carry out simple instructions" failed to account for moderate limitations in concentration, persistence, or pace due to the ALJ's lack of explanation of how those tasks translated into proper limitations).

"As the Fourth Circuit mandates under *Mascio*, 'once an ALJ had made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in h[is] RFC assessment, or explain why no such limitation is necessary.'" *Henry*, 2018 WL 558839, at *3 (citation omitted). "Without providing further analysis of plaintiff's mental limitations, highlighting medical evidence refuting the severity of the limitation, or otherwise discussing why a restriction pertaining to concentration, persistence, or pace is not needed in the case, this court cannot perform an adequate review." *Id.* Because the ALJ neither included a proper limitation in his RFC assessment nor explained why such a limitation was unnecessary in this case, the Court must remand the case to the SSA for further analysis consistent with *Mascio*. Accordingly, as to this issue, Plaintiff's Motion will be granted.

2. Substantial Evidence Supports The ALJ's Determination That Plaintiff Does Not Meet A Listing.

Next, Plaintiff contends that this Court's decision did not properly resolve the ALJ's erroneous evaluation of whether Plaintiff's spinal impairments met or equaled Listing 1.04A. ECF No. 22 at 12–17. Specifically, Plaintiff takes issue with the Court's analysis of the evidence and argues that all requirements of Listing 1.04A were present in the record. *Id.* at 15. The Court disagrees.

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Where a claimant can show that his condition "meets or equals the listed impairments,"

the claimant is entitled to a conclusive presumption that he is disabled within the meaning of the Act. *Bowen v. City of New York*, 476 U.S. 467, 471 (1986); *see McNunis v. Califano*, 605 F.2d 743, 744 (4th Cir. 1979) (stating that the listings, if met, are "conclusive on the issue of disability"). The burden of proof is on the claimant to show that he meets *all* of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

"In evaluating a claimant's impairment, an ALJ must fully analyze whether a claimant's impairment meets or equals a 'Listing' where there is factual support that a listing could be met." *Huntington v. Apfel*, 101 F.Supp.2d 384, 390 (D.Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). However, "[u]nder *Cook*, the duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F.Supp.2d 629, 645 (D.Md. 1999). "Neither the Social Security law nor logic commands an ALJ to discuss all or any of the listed impairments without some significant indication in the record that the claimant suffers from that impairment." *Id.* On the other hand, "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford*, 734 F.3d at 295 (internal citations omitted).

Remand is appropriate where the "ALJ's opinion failed to apply the requirements of the listings to the medical record." *Id.* at 292; *Fox v. Colvin*, 632 F.App'x 750, 755–56 (4th Cir. 2015) (holding that the ALJ's conclusory and perfunctory analysis at step three necessitated remand). In evaluating whether an ALJ's listing comparison was proper, however, the Court is not confined to the ALJ's analysis at step three and instead must consider the reasoning provided by the ALJ in

the decision in its entirety. *See Schoofield v. Barnhart*, 220 F.Supp.2d 512, 522 (D.Md 2002) (holding remand is not warranted "where it is clear from the record which [Listing] . . . w[as] considered, and there is elsewhere in the ALJ's opinion an equivalent discussion of the medical evidence relevant to the [s]tep [t]hree analysis which allows [the reviewing c]ourt readily to determine whether there was substantial evidence to support the ALJ's [s]tep [t]hree conclusion").

Listing 1.04A states:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. pt. 404, subpt. P, app. 1, 1.04A. In other words, a claimant must demonstrate that he meets all four requirements of Listing 1.04A for an ALJ to make a finding that his impairment meets or equals the listed impairment. *See Sullivan*, 493 U.S. at 530.

Here, at step three of the evaluation, the ALJ concluded that Plaintiff's spinal impairments did not meet Listing 1.04A because "[t]here is no evidence of nerve root or spinal cord compression . . . ." ECF No. 11 at 109. At step four, the ALJ provided a thorough discussion of the history of Plaintiff's spinal impairments, which the Court discussed in its November 26, 2018 opinion. ECF No. 20 at 14–15. Upon further consideration and review of the medical record, the Court disagrees with Plaintiff that there is ample objective evidence of all requirements during the time period that Plaintiff was diagnosed with nerve root compression (2015–2016). *See* ECF No. 22 at 15. Although Plaintiff exhibited positive straight-leg raise in 2015 and 2016, ECF No. 11 at

9

748, 885, other records indicate that Plaintiff did not meet each of the requirements for Listing 1.04A. Specifically, as the ALJ discussed, a 2015 electrodiagnostic evaluation noted that Plaintiff's "[s]trength appears normal throughout" and motor and sensory nerve conduction studies were normal. *Id.* at 764–65. Other 2015 examination records show that Plaintiff enjoyed normal strength. *Id.* at 607, 611, 615, 737, 740, 744, 748. Examination records from 2016 also demonstrate mostly intact to fully intact motor strength and full sensation. *Id.* at 44–45, 48, 51, 57, 407, 410. Therefore, in light of this evidence in the medical record demonstrating that Plaintiff did not meet each of the requirements for Listing 1.04A, the Court concludes that substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or equal Listing 1.04A. Accordingly, as to this issue, Plaintiff's Motion will be denied.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from June 1, 2011 through the date of the ALJ's decision. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion to Reconsider (ECF No. 22) is GRANTED IN PART AND DENIED IN PART, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: 10 January 2019

A. David Copperthite
United States Magistrate Judge